940 F.2d 662
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Bradley Eugene SMITH, Petitioner-Appellant,
v.
Al C. PARKE, Warden, Respondent-Appellee.
 No. 91-5421.
 United States Court of Appeals, Sixth Circuit.
 Aug. 6, 1991.
 
 1
 Before KENNEDY and NATHANIEL R. JONES, Circuit Judges, and HARVEY, Senior District Judge.*
 
 ORDER
 
 2
 Bradley Eugene Smith, a pro se Kentucky prisoner, appeals the district court's order dismissing his petition for a writ of habeas corpus filed pursuant to 28 U.S.C. Sec. 2254. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, the panel unanimously agrees that oral argument is not necessary. Fed.R.App.P. 34(a).
 
 
 3
 On August 22, 1984, a Kentucky jury convicted Smith of tampering with physical evidence and possession of a controlled substance. The recommended sentence was one year imprisonment. The indictment against Smith also charged him with being a persistent felony offender in the first degree. Subsequently, Smith pled guilty to the persistent felony offender charge. On August 27, 1984, Smith was sentenced to an enhanced sentence of ten years imprisonment based on the guilty plea to the persistent felony offender charge.
 
 
 4
 Smith's conviction was affirmed by the Kentucky appellate courts on direct and collateral appeal. Subsequently, Smith filed his habeas petition in the district court, challenging his conviction of being a persistent felony offender in the first degree. He asserts that his trial counsel was ineffective at the trial level and on appeal to the Kentucky Court of Appeals. Smith's persistent felony offender conviction was based on two of his previous convictions: a 1979 conviction of illegal possession of a controlled substance, and a 1974 conviction of distribution of heroin. Smith asserts that at the time he pled guilty to being a persistent felony offender that his 1979 conviction had not become final. He asserts that his trial counsel was ineffective because he failed to investigate the status of Smith's prior convictions and, thus, failed to challenge the improper use of the 1979 conviction for the persistent felony offender enhancement. Further, Smith alleges that counsel was ineffective for failing to investigate and present the issue of the improper use of the 1979 conviction to the Kentucky appellate courts.
 
 
 5
 After a review, the district court granted the respondent's motion for summary judgment and dismissed the case. The district court found that Smith's counsel was not ineffective, because his 1979 conviction had become final in 1981. Smith has filed a timely appeal, raising the same issues that were before the district court.
 
 
 6
 Upon review, we conclude that the district court properly dismissed Smith's petition because Smith was not denied fundamentally fair process at any stage of his conviction or appeal. See Lundy v. Campbell, 888 F.2d 467, 469-70 (6th Cir.1989), cert. denied, 110 S.Ct. 2212 (1990).
 
 
 7
 Accordingly, the district court's judgment is hereby affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable James Harvey, Senior U.S. District Judge for the Eastern District of Michigan, sitting by designation